ROBERT S. DENNISON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 2495. Promulgated February 21, 1945.

*Forrest S. Single, Esq.*, for the petitioner.
*Henry C. Clark, Esq.*, for the respondent.

## OPINION.

ARUNDELL, *Judge*: The petitioner is seeking a bad debt deduction in the amount of $12,000. The debt is represented by notes that matured in the latter part of 1933 and during 1934, and remained unpaid. Petitioner does not claim that the debtors were unable to pay, but rather that they refused to pay and that the circumstances of the transaction were such that it was highly improbable that he could successfully secure a judgment on the notes. After having instituted a proceeding for that purpose, he was advised by counsel that the pending

suit would not likely result in a judgment in his favor and that substantial court costs would likely be incurred if the pending action were litigated. Whereupon the suit was dismissed "with prejudice."

The respondent takes the view that petitioner, by this action, recognized the merits of the defenses which had been set up against him, with the result that he has failed to establish that any such amount was owing to him or that it has now become worthless. The defenses which are urged by the respondent as having that effect are that the transaction was usurious and that the obligation had been extended. Considering the effect of the first of the defenses which had been interposed, it is to be noted that under the laws of the State of New York corporations are expressly prohibited from interposing the defense of usury and the statute so providing has been extended by construction so as to prohibit an accommodation endorser of a corporation's paper from availing himself of that defense. *Hubbard* v. *Tod*, 171 U. S. 474, and cases cited therein. The maker of the notes upon which petitioner relies was an endorser of the original corporate obligation and upon an extension of the indebtedness he became the principal obligor. There is no evidence whatsoever that the transaction to which the other individuals became a party by virtue of their endorsements was in any manner usurious. Under the circumstances, it seems to us that the defense of usury by the maker and the endorsers would not warrant a conclusion that the notes were invalid or unenforceable.

With respect to the extension, it is apparent from our findings of fact that the transaction through which the debt was to be renewed was not a completed one. Petitioner insists that it was not his intention to extend the indebtedness unless the notes to be taken from the maker of the endorsed notes were augmented by the supporting notes of the individual endorsers. These individual supporting notes were not forthcoming and petitioner, when it became evident to him that the supporting notes would not be executed, relied solely upon the endorsed notes, and they were the basis upon which he brought suit. In the circumstances, we think it clear that the notes that are properly the subject of the controversy here are the endorsed notes and that the renewal note which was obtained is of no consequence. The obligation was either renewed or it was not renewed, and petitioner may not now be required to rely upon the later note.

We do not decide the question of whether the dismissal of the suit against Hedger and the endorsers "with prejudice" serves as a bar to further proceedings. The petitioner makes no such argument on brief. His position is that after the suit was dismissed in 1940 the statute of limitations could successfully be interposed in affirmative defense to any subsequent suit and, in view of the attitude of the debtors, it was evident that they would interpose such defense should further suit be-

instituted. In these circumstances there was no way open to petitioner to collect the debt.

In summary, it seems to us that the petitioner has established that the sum of $12,000 was owing to him and that this sum became uncollectible in 1940. It was in that year that the suit to collect the debt was dismissed "with prejudice" under the circumstances set forth in our findings. The statute of limitations would have been a good defense if there were still available to petitioner the right to further pursue the matter, and the course of conduct of the debtors made it clear that they would avail themselves of all technical defenses open to them. The fact that the debtors were financially able to pay was of no moment in the circumstances. The debt became worthless in 1940 and constitutes an allowable deduction.

*Decision will be entered for the petitioner.*